(No. 4261- )

CAROLYN B. GILL, WIDOW, ET AL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed July 7, 1950.*

FEIRICH AND FEIRICH, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

Delaney, J.

Claimant, Carolyn B. Gill, is the widow of Clarence S. Gill, deceased, who was employed on December 13, 1949, in the capacity of a resident engineer in the Department of Public Works and Buildings, Division of Waterways. Although his home was at 807 West Pecan Street, Carbondale, Illinois, he was on the above date occupying a room at Utica, Illinois, in a rooming house owned by Mrs. Sam Gardner. On December 13, 1949, while driving a State owned automobile from the respondent's office at Joliet, returning to Utica in the evening, a short distance from Lisbon, Kendall County, Illinois, on Route 52, the deceased overshot a curve in the highway running into and knocking down a number of guard posts along the highway, causing the car which he was driving to overturn. Mr. Gill, the driver of the car, was fatally injured in the accident.

The record consists of the complaint, departmental report, transcript of evidence, and claimant's brief, respondent having orally waived the filing of a brief.

Upon consideration of this case, the Court finds it has jurisdiction of the parties hereto and of the subject matter; that the injury which resulted in the death of Mr. Gill arose out of and in the course of his employment; that the respondent had proper notice of the accident and the death of Mr. Gill, and the application for claim was filed in proper time as provided under Section 24 of the Workmen's Compensation Act, as amended. We further find from this record that deceased's annual earnings during the year immediately

prior to his death amounted to the sum of $3,594.00. His weekly compensation rate, therefore, would be $15.00. The death having occurred subsequent to July 18, 1949, this must be increased 50 per cent, making a compensation rate of $22.50 per week. The decedent had no children under sixteen years of age dependent upon him for support at the time of his death.

Claimant is, therefore, entitled to an award under Section 7 (a) of the Workmen's Compensation Act in the amount of $4,000.00, which must be increased 50 per cent, making a total award of $6,000.00.

An award is, therefore, made in favor of the claimant, Carolyn B. Gill, in the amount of $6,000.00, to be paid to her as follows:

$ 658.93, which has accrued and is payable forthwith;
$5,341.07 is payable in weekly installments of $22.50 per week, beginning July 14, 1950, for a period of 237 weeks, with an additional final payment of $8.57.

All future payments being subject to the terms and conditions of the Workmen's Compensation Act of Illinois, jurisdiction of this cause is specifically reserved for the entry of such further orders as may from time to time be necessary.

An award is also entered in favor of Imogene Ward Steph for stenographic services in the sum of $22.74, which is payable forthwith. The Court finds that the amount charged is fair, reasonable and customary, and said claim is allowed.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."